[Cite as *Dancy v. Bergemann*, 2011-Ohio-3571.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RUTH ANN DANCY, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellees | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| CHRISTENA ANN BERGEMANN | Case No. 2010CA00345 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Case No. 2010CV02695

JUDGMENT:     October 27, 2010 Judgment Entry Affirmed;
November 17, 2010 Judgment Entry
Vacated; Remanded

DATE OF JUDGMENT ENTRY:     July 18, 2011

APPEARANCES:

For Plaintiffs-Appellees

ROBERT E. SOLES, JR.
KARA DODSON
6945 Market Avenue North
North Canton, OH  44721

For Defendant-Appellant

CHRISTENA ANN BERGEMANN, PRO SE
4689 Kirby Avenue, NE
No. 27
Canton, OH  44705

*Farmer, J.*

{¶1}   On July 21, 2010, appellees, Ruth Ann Dancy and Face-Up Skin Care & Salon, Inc., filed a complaint against appellant, Christena Ann Bergemann, alleging defamation, slander, and libel.  The complaint arose from appellant's actions following a cosmetic procedure she received from appellees.

{¶2}   On September 24, 2010, appellees filed a motion for default judgment for appellant's failure to file an answer.  On September 30, 2010, the trial court ordered appellant to file an appropriate answer before October 14, 2010.  Because appellant failed to file an answer by said date, the trial court granted appellees' motion for default judgment on October 27, 2010.  The trial court set a damages hearing for November 15, 2010.

{¶3}   A hearing was held on November 15, 2010 wherein appellant failed to appear.  By judgment entry filed November 17, 2010, the trial court awarded appellees as against appellant $25,000.00 in compensatory damages and $25,000.00 in punitive damages.  Appellant was also ordered to pay appellees' attorney fees.

{¶4}   On December 1, 2010, appellees filed a motion for judgment debtor's exam.  By judgment entry filed December 3, 2010, the trial court set a debtor's exam for December 21, 2010.

{¶5}   Appellant filed an appeal on December 21, 2010.  At the outset, we feel compelled to first address the contents of appellant's appellate brief.  Although we are mindful that appellant is pro se, this does not give her carte blanche to ignore the appellate rules.  Appellant's brief as filed fails to conform to the mandates of App.R. 16(A).  The most glaring error is the failure to set forth an assignment of error.  This

failure places the burden on appellees to decipher what the issues are that appellant is choosing to appeal.

{¶6}   In her amended docketing statement filed February 1, 2011, appellant claimed the following under "PROBABLE ISSUES FOR REVIEW":

{¶7}   "VIOLATIONS OF DUE PROCESS 5TH AMENDMENT, AND 1ST AMENDMENT RIGHTS, GIVING RISE TO PLAINTIFF NEVER REQUIRED TO PROVE ALLEGATIONS/CLAIMS IN 1ST CAUSE OF ACTION."

{¶8}   Under "ACTION BROUGHT IN LOWER COURT" appellant listed "A DEFAULT JUDGMENT AGAINST THE DEFEDANT (W/OUT NOTICE TO HER OF DECISION OF OCT. 27) FOR $50,000.00 PLUS ATTY.'S FEES."

{¶9}   Based upon appellant's amended docketing statement, we formulate the following assignment of error:

I

{¶10}  "THE TRIAL COURT ERRED IN FAILING TO GIVE APPELLANT NOTICE OF THE SEPTEMBER 24, 2010 MOTION FOR DEFAULT JUDGMENT, THE OCTOBER 27, 2010 JUDGMENT ENTRY GRANTING APPELLEES DEFAULT JUDGMENT, AND THE DAMAGES HEARING SET FOR NOVEMBER 15, 2010.

I

{¶11} Appellant claims the trial court erred in failing to give her notice of the default motion, the judgment entered against her, and the damages hearing scheduled for November 15, 2010.  We agree in part.

{¶12} Civ.R. 55 governs default.  Subsection (A) states the following in pertinent part:

{¶13} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor;***If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."

{¶14} The first inquiry is whether appellant "has appeared in the action." We answer in the affirmative for the following reasons. On August 24, 2010, by joint stipulation of the parties, the trial court granted appellant leave to plead by September 19, 2010. At the time, appellant was represented by counsel. Subsequently, appellant's attorney sought leave to withdraw which the trial court granted on September 16, 2010.

{¶15} A day prior to granting the motion to withdraw, the trial court filed a judgment entry/pretrial order wherein appellant was referenced as "PRO SE" and was listed as present. In her brief at page 3, appellant stated she was present in person as opposed to the telephone.

{¶16} On September 24, 2010, the motion for default was filed due to appellant's failure to file an answer by September 16, 2010. The motion was not served upon

appellant. Pursuant to a judgment entry filed by the trial court on September 30, 2010, appellant attempted to file an answer on September 27, 2010, however, the trial court found the purported answer failed to comply with the Ohio Rules of Civil Procedure. We note the "answer" was not docketed nor placed in the record. The trial court ordered appellant to do the following:

{¶17} "**Accordingly, Defendant is ordered to file an appropriate Answer, which complies with Rule 8, and any other applicable rule, of the Ohio Rules of Civil Procedure on or before October 14, 2010.** Plaintiff's Motion for Default Judgment will be held in abeyance by the Court until such time."

{¶18} Based upon the procedural history of the case, we find appellant had appeared in the action by the joint stipulation for leave to plead, being present for the pretrial, filing a purported answer, and the trial court granting her another extension to file an answer. We note appellant has completely failed to file an answer in the proceedings.

{¶19} The second inquiry is whether appellant was "served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55(A) does not require that the actual motion for default be served, only that written notice of the application for judgment be served. We find the trial court's September 30, 2010 judgment entry as cited supra gave appellant such notice.

{¶20} By judgment entry filed October 27, 2010, the trial court granted the motion for default judgment and set a damages hearing for November 15, 2010. The entry included the following order:

{¶21} "**COUNSEL WHO PREPARED THIS ENTRY SHALL PRESENT A COPY OF THIS ENTRY TO ALL OTHER COUNSEL OF RECORD PURSUANT TO LOC. R18.**"

{¶22} There is no evidence to establish that this entry or any other notice of the damages hearing was ever given to appellant. We therefore conclude that appellees' failure to give appellant notice of the default judgment and the scheduled damages hearing was error. The trial court's November 17, 2010 judgment entry on damages is vacated. The trial court's October 27, 2010 judgment entry on default is valid and affirmed. The matter is remanded to the trial court for a damages only hearing after proper notice is given to appellant.

{¶23} The sole assignment of error is granted in part and denied in part.

{¶24} The October 27, 2010 judgment entry of the Court of Common Pleas of Stark County, Ohio is hereby affirmed; the November 17, 2010 judgment entry is vacated.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Patricia A. Delaney_____

JUDGES

SGF/sg 627

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RUTH ANN DANCY, ET AL. | : | |
| | : | |
|     Plaintiffs-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTENA ANN BERGEMANN | : | |
| | : | |
|     Defendant-Appellant | : | CASE NO. 2010CA00345 |

For the reasons stated in our accompanying Memorandum-Opinion, the October 27, 2010 judgment entry of the Court of Common Pleas of Stark County, Ohio is affirmed; the November 17, 2010 judgment entry is vacated.  The matter is remanded to the trial court for further proceedings consistent with this opinion.  Costs to be divided equally between parties: 50% from appellant and 50% from appellees.

s/ Sheila G. Farmer

s/ William B. Hoffman

s/ Patricia A. Delaney

JUDGES